*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHNNY JEROME WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
October 23, 2024
9:20 AM

No. 368433
Wayne Circuit Court
LC No. 02-001592-01-FC

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

CAMERON, P.J. (*concurring, in part, and dissenting, in part*).

I agree with the majority that resentencing of defendant's sentence for assault with intent to murder (AWIM) is necessary. But I disagree that defendant must be resentenced for his armed robbery conviction. Because defendant's armed robbery sentence was proportional under the circumstances, I would affirm this sentence.

Defendant argues his armed robbery sentence is disproportionate because it is the same as his murder sentence. His entire argument is relegated to a singular sentence:

> [Defendant] submits that the imposition of sentences of 28 to 60 years for [AWIM] and armed robbery—the same sentence he received for felony murder— a more serious offense which is in a higher crime class—are disproportionate to the circumstances surrounding the offense and the offender and an abuse of discretion as a matter of law.

In support of this assertion, defendant cites, without explanation, the unpublished and nonbinding[1] case, *People v Gentry*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2009 (Docket No. 278584). Defendant's proportionally assertion is insufficient, and I would deem it abandoned on appeal. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291

---

[1] "An unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1).

(quotation marks and citation omitted) (2001) ("Failure to brief a question on appeal is tantamount to abandoning it.").

But, defendant's argument fails even under *Gentry*'s reasoning. *Gentry* held that "a sentence of incarceration for a lesser-class felony crime that exceeds the sentence of incarceration imposed on the highest-class felony crime, for which the offender is receiving a concurrent sentence, is disproportional on its face, and absent specific findings by the trial court justifying such a discrepancy, cannot stand." *Gentry*, unpub op at 9. At the time of defendant's sentencing in 2002, both armed robbery and felony murder were considered Class A felonies. Under *Gentry*, a sentence is only disproportionate if the defendant receives a *higher* sentence for a *lower-class* felony. In this case, defendant received the *same* sentence for a felony of the *same* class.

Moreover, I do not find *Gentry* persuasive. *Gentry*'s apparent holding that higher-class felonies, as a matter of law, require higher sentences is at odds with Michigan's sentencing procedures. Criminal sentencing in Michigan falls within the discretion of the trial court. *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). When considering a departure sentence, a trial court should consider a variety of factors which are unique to the circumstances at hand. See *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). *Gentry*'s reasoning eliminates this discretion in cases where a defendant is convicted of felonies of differing classes, and suggests that offenses in "lower" crime classes cannot be sentenced to a term equal to or exceeding crimes designated as "higher" crime classes.

A few examples reveal the flaw of *Gentry*'s simplified proportionally analysis. An offender who threatens a witness with injury in order to prevent him or her from testifying at trial is guilty of a Class C, 15-year felony. MCL 750.122(7)(c). And if the offender carries through with the threat and severely assaults the witness, the offender will likely also be charged with assault with the intent to commit great bodily harm less than murder, a 10-year felony. Strict application of *Gentry* would require the trial court to impose a harsher sentence for the threat of violence than the actual assault itself. Following *Gentry*'s reasoning in the area of property crimes, trial courts would be required to sentence an offender more harshly for a passing a bad check than burning a down a dwelling because uttering and publishing, MCL 750.249, is a Class C felony, while third-degree arson, MCL 750.74, is a 10-year, Class D offense.

In my view, the issue of proportionally is determined by the reasonableness of defendant's sentence under these particular circumstances. See *People v Lydic*, 335 Mich App 486, 500-501; 967 NW2d 847 (2021). Here, the victim, Andreal Jenkins, has had long-term, debilitating injuries that are the direct result of defendant shooting him in the stomach. The trial court explained that the Jenkins's chronic injuries and the negative impact they have had on his life was its primary consideration when it imposed the above-guidelines sentence. It correctly explained that Jenkins's continued suffering is a factor for which the guidelines do not adequately account. Even over 20 years later, Jenkins has not been able to lead a normal life. He suffers from physical pain, depression, and defendant's actions left him permanently disabled. Given these considerations, defendant's armed robbery conviction was not unreasonable.

      I would therefore affirm defendant's sentence for armed robbery, but, as stated above, would vacate his AWIM sentence and remand for resentencing.

                                    /s/ Thomas C. Cameron